## Chicago & Alton Railway Company v. Thomas Bell.

1. MASTER—*when negligence of, concurring with that of servant, ground for recovery.* It is only where the negligence of the master concurring with that of a fellow-servant is the efficient cause of an injury, that a recovery can be had.

Action in case for personal injuries. Appeal from the Circuit

Court of Greene county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1906. Reversed with finding of facts. Opinion filed November 27, 1906.

RAINEY & JONES, for appellant; WINSTON, PAYNE & STRAWN, of counsel.

D. J. SULLIVAN, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Thomas Bell brought suit in the Circuit Court of Greene county against the Chicago & Alton Railway Company to recover damages alleged to have been sustained by him by reason of the negligence of the railway company through one Jepson, an employe. Bell recovered a verdict upon which a judgment was rendered in said Circuit Court, from which an appeal was prosecuted to this court at the November term, 1903. A further appeal was had in said cause, the same was heard in the Supreme Court and an opinion rendered by said last named court which is reported in 209 Ill. 25, in which opinion it was held that Jepson, whose alleged negligence was the cause of the injury to Bell, was a fellow-servant with him, for whose negligence the railroad company was not liable, for which reason, among others, the judgment of the Circuit Court was reversed and the cause remanded.

After such reversal Bell, to avoid the effect of the holding by the Supreme Court that the injury complained of was the result of the negligence of a fellow-servant, filed amended and additional counts to the declaration. Such added counts were designed to broaden the issues in the case, and, so far as they tended to accomplish that purpose, in substance charged appellant with a negligence concurrent with the negligence of such fellow-servant in retaining such fellow-servant in its service with knowledge of his unfitness and in negligently permitting a breach, by Jepson, of an established custom among its employes,

forbidding the running of engines upon its pit track at Roodhouse without a signal to do so from the man in charge of such pit track.

Since said reversal the cause has been twice tried in the Circuit Court, and in the latter of such trials Bell obtained a verdict in the sum of $3,000 upon which the court rendered a judgment, from which the railroad company has brought the case to this court upon appeal.

The facts in the case are fully stated both in the opinion of this court reported in 111 Ill. App. 280, and in the opinion of the Supreme Court above referred to, and are practically identical with the facts now before us, so that to make at this time an extended statement of the case would be to repeat what has been already stated.

Since the Supreme Court has expressly held in this case that the man Jepson, whose alleged negligence caused the injury to appellee, was a fellow-servant with him, it only remains for us to determine whether or not, under the amended and additional counts, there was any sufficient proof that the injury was the result of the combined or concurrent negligence of appellant and a fellow-servant of appellee. Appellee would be entitled to recover as against appellant only in the event that its negligence, alleged to be concurrent with that of the fellow-servant, was an efficient cause of the injury. Pullman Palace Car Co. v. Laack, 143 Ill. 242-261; Commonwealth Electric Co. v. Rose, 214 Ill. 545-554. The negligence of an employer, when combined with that of a fellow-servant, must be a substantive cause of injury. Chicago Terminal R. R. Co. v. Schmelling, 197 Ill. 619-630.

Appellee now contends, in support of his verdict, that there was an established custom in force at the time of his injury, to stop engines before they came upon the pit track, where appellee was at work, and wait for a signal from the one in charge of the pit and to bring them upon said pit track only upon such

signal. In this contention appellee has utterly failed to support his claim. The custom as alleged by appellee was not established by the evidence. It appears from the evidence that when engines came to a point a few feet north of the pit track in question, if the engineer was to leave his engine he would do so at that point, where he would look over his engine, note its condition, and then depart for his home, leaving his engine in the care of a "hostler" who would then run the engine upon the pit track; but that if the engine came to the point described in charge of a "hostler" no such stop was made. The great preponderance of the evidence is to the effect that the reason why engines were stopped at the place designated was that the engineer might examine his engine and then turn it over to a "hostler," and that such stop was made for no other purpose, and that there was no established custom that when engines came to the pit track in charge of a "hostler," any stop should be made till the engine came upon the pit track itself. Furthermore, appellee could not be excused from guarding against an obvious danger, which would seem to have been the one involved, by reason of such a custom, if one did exist, for the reason that he knew nothing of any such custom, had never been notified that there was one, and therefore could not have placed any reliance thereon.

It is also argued by appellee in support of his verdict that appellant negligently retained in its service said Jepson (the fellow-servant) who was in the habit of driving engines over said pit without notice to those in the pit and in violation of the usual custom to stop before coming over said pit, to signal to the men in the pit, and that said appellant in the exercise of ordinary diligence should have known of the said habits of said Jepson prior to injury.

We have already stated that no established or usual custom was shown by the evidence to have existed, as contemplated in the above claim of appellee, so that

Jepson could not have been guilty of any breach thereof; but in addition thereto we are constrained to hold that the evidence did not warrant the conclusion that said Jepson was in the habit of driving engines over said pit track in the negligent manner alleged by appellee. Appellee offered only two witnesses who testified concerning his claim relative to the habit of Jepson to violate such *alleged* custom, and those were Templeton and Landreth. The testimony of these two witnesses upon this feature of the case was merely in effect that sometimes Jepson would stop his engine before driving it on the pit track and sometimes he would not. The evidence as a whole upon this subject clearly preponderates in favor of Jepson's capability as a "hostler." Three witnesses, Campbell, Piper and Young, testified that Jepson was a careful "hostler," while a fourth, Heil, testified that Jepson was a competent man and very careful with an engine. Upon the showing made there would be no warrant for holding that appellant in keeping Jepson in its service was guilty of such negligence concurrent with the alleged negligence of the fellow-servant, as amounted to an efficient or substantive cause of the injury.

We are impelled to the conviction that the broadening of the issues and the evidence given thereunder did not relieve the case from its inherent infirmity, as declared by the Supreme Court, that the danger was an obvious one, and that the injury to appellee was occasioned by the act of a fellow-servant. As this holding is decisive of appellee's rights the judgment will be reversed, but the cause will not be remanded.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

We find that Jepson was a fellow-servant with appellee, and that appellant was not guilty of any negligence which contributed to the injury of appellee.